PER CURIAM.
Appellant, plaintiff in the trial court, secured a final judgment of divorce from the appellee, Lester C. McCollister, in December, 1967. Among other provisions of the final judgment, the chancellor awarded the plaintiff a one-half interest in “Swap Meet”; no further description of this enterprise was contained in the final judgment. Subsequently, the appellant instituted an independent suit which she entitled a Creditor’s Bill, alleging entry of the final judgment of divorce and seeking, in addition to relief in the nature of a creditor’s bill, certain other relief related to a certain license agreement which had been entered into in July, 1967 between Tropicaire Drive-In Theatre, Inc., and the appellee, Wilsey. It was the contention of the appellant that this license was an extension of the operation of “Swap Meet” and that she was entitled to a one-half interest therein. Following many hearings, the trial court ultimately entered a final summary judgment holding that the defendants were entitled to a judgment as a matter of law. This appeal ensued; we affirm.
First, the action could not be maintained as a creditor’s bill pursuant to the provisions of 68.05, Fla.Stat., F.S.A., nor as an action under § 56.29(6) (a), Fla.Stat., F.S.A. Second, there was no *491 transfer of any interest between the appel-lee, McCollister, to the appellee, Wilsey. Third, it is apparent that any interest that the appellee, McCollister, may have had in “Swap Meet” was terminated by action of the landlord some years prior to the entry of the final judgment of divorce for defaults on the part of McCollister. And, even if not so done, by its very terms the original agreement held by McCollister expired in September, 1967. Lastly, the record is completely devoid of any evidence or reasonable inference therefrom that the license agreement held by the ap-pellee, Wilsey, was not in fact a bona fide transaction.
Therefore, for the reasons above stated, the final summary judgment here under review be and the same is hereby affirmed.
Affirmed.